UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLINE HILL,

    Plaintiff,

v.                                        Case No: 2:14-cv-708-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. 23) filed on September 20, 2016. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees in the amount of $5,467.91 and costs in the amount of $400.00. Doc. 23 at 1. Plaintiff attaches an itemization of time confirming a total of 28.8 hours; 4.75 hours at the rate of $191.08 per hour for the year 2014, 22.5 hours at the rate of $189.55 per hour for the year 2015, and 2 hours at the rate of $190.35 for the year 2016. *Id.* at 9. Plaintiff represents that the Commissioner does not oppose the motion or relief requested. *Id.* at 2. For the reasons stated herein, the Motion is due to be granted.

Under the EAJA, a prevailing party is eligible for an award of litigation costs in any civil action brought against any agency or any official of the United States acting in his or her official. 28 U.S.C. § 2412(a). Under the EAJA, a claimant is also eligible for an attorney fee award where: (1) the claimant is a prevailing party in

a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on March 31, 2016, this Court entered an Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 18. Judgment was entered on March 31, 2016. Doc. 19. Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time this proceeding was filed was less than two million dollars. Doc. 23 at 1-2. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly

complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting $400.00 in costs as reimbursement for the filing fee. Doc. 23 at 1. Plaintiff's counsel is also requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work he performed in 2014, 2015, and 2016. *Id.* at 5. Because the Commissioner does not object to the adjusted hourly rates sought and they are within the rates permitted by the EAJA, the Court finds that $191.08 per hour for the year 2014, $189.55 per hour for the year 2015, and $190.35 per hour for the year 2016 are appropriate and reasonable hourly rates. *Id.* Plaintiff's counsel also has submitted a schedule of hours that includes an itemization of legal services performed. *Id.* at 8-9. After reviewing the description of the services provided, the Court also concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Unopposed Application for Attorney's Fees Under the Equal Justice Act (Doc. 23) is **GRANTED**. Attorney's fees in the amount of $5,467.91 shall be awarded to Plaintiff pursuant to 28 U.S.C. § 2412(d), and costs in the amount of $400.00 shall be awarded to Plaintiff pursuant to 28 U.S.C. § 2412(a). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2. The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $5,467.91 and costs in the amount of $400.00 under the Equal Access to Justice Act, 28 U.S.C. §§ 2412(a),(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record